```
             UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

  IQBAL AUJLA,                      :
                                    :
              Petitioner            :
                                    :    CIVIL NO. 1:CV-06-1668
         vs.                        :
                                    :    (Judge Caldwell)
  U.S. DEPARTMENT OF JUSTICE,       :
    et al.,                         :
                                    :
              Respondent.
```

*M E M O R A N D U M*

*I.   Introduction.*

Iqbal Aujla, a convicted foreign national confined by the Federal Bureau of Prisons ("BOP"), filed a habeas corpus petition via 28 U.S.C. § 2241 seeking judicial review of the denial of his request to be transferred to Canada pursuant to the Convention on the Transfer of Sentenced Prisoners ("the Treaty"), 22 I.L.M. 530 (1983).[1]

For the reasons that follow, the Court will require Aujla to file an amended petition to allege facts supporting his

---

[1] The petition was filed in the United States District Court for the Western District of New York. That court transferred it here after noting its lack of jurisdiction as Petitioner was then housed at LSCI-Allenwood, White Deer, Pennsylvania, located in this federal judicial district. *See* Doc. 1-1, Transfer Order. Petitioner's current place of confinement is the CI NE Ohio Correctional Center, 2240 Hubbard Rd., in Youngstown, Ohio, *see* http://www.bop.gov, Inmate Locator, but we retain jurisdiction because Aujla filed his petition while he was housed here.

claim that the BOP's denial was "arbitrary, capricious and discriminatory."

*II.     Background*.

On November 7, 2003, Petitioner, a native or national of Canada, was convicted by the United States District Court for the Western District of New York as follows:

> 60 months on one count (Count II of 03-CR-0073S) of knowingly bringing in and harboring aliens for financial gain, 36 months on one count (Count I of 03-CR-0073S) of knowingly bringing in and harboring aliens for financial gain, and 36 months on one count (Count I of 03-CR-0099S) of knowingly bringing in and harboring aliens for financial gain, all in violation of 8 U.S.C. § 1324, all Counts to run concurrently and 1 day to be served consecutively, and a three year period of supervised release to run concurrently.

(Doc. 1-1, Transfer Order, p. 3; Doc 1-2, Habeas Petition, App. 2, Judgment of Sentence).  The sentencing court "recommend[ed] that [Aujla] be eligible for the Treaty Transfer Program." (*Id.*).

On July 18, 2006, Aujla filed a Petition for Judicial Review with the sentencing court, challenging a determination of the United States Department of Justice, dated July 10, 2006, denying his request, pursuant to 18 U.S.C. § 4100, for transfer to Canada.  (Doc. 1-2, Habeas Petition, App. 1, Letter from Chief

Wolff, International Prison Transfer Unit).  Aujla's transfer request was denied "because the prisoner is a poor candidate due to his criminal history."  (*Id.*)

Aujla claims the denial of his request was "arbitrary, capricious and discriminatory" and "inconsistent" with the sentencing court's recommendation.  (Doc. 1-2, Habeas Petition).

*III.   Discussion.*

The Transfer of Offenders to and from Foreign Countries Act, 18 U.S.C. §§ 4100-4115, authorizes the Attorney General to implement the Treaty.  The Attorney General is authorized to approve or disapprove individual transfers of convicted foreign nationals to countries of which they are citizens or nationals under international prison transfer treaties, *see* 18 U.S.C. § 4102(1), and is further authorized "to delegate the authority conferred by this chapter to officers of the Department of Justice."  *See* 18 U.S.C. § 4102(11).  That authority has been delegated to the BOP.  *See* 28 C.F.R. § 0.96b.

A prisoner has no protected liberty interest in a transfer under the Treaty because the decision whether to transfer a prisoner is within the Attorney General's unfettered discretion.  *See Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991); *Coleman v. Reno*, 91 F. Supp. 2d 130, 132 (D.D.C. 2000).

However, when the agency exercises its discretion in an constitutionally impermissible manner, it is subject to judicial review. *See Cheong Wai Wong v. Warden, FCI Raybrook*, 171 F.3d 148, 149 (2d Cir. 1999)(per curiam)(*citing Webster v. Doe*, 486 U.S. 592, 603-05, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988)).

Aujla cites two bases for our jurisdiction to review his petition: (1) the denial was "inconsistent" with the sentencing court's recommendation; and (2) the denial was arbitrary, capricious and discriminatory.

Aujla's assertion that transfer was denied for "arbitrary, capricious and discriminatory" reasons is not enough. "[B]ald assertions and conclusory allegations" do not provide a court with sufficient information to permit a proper assessment of habeas claims, and a habeas court cannot speculate about the petitioner's claims. *See Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987).

Before ruling on the petition, we will direct Aujla to file an amended petition setting forth facts supporting his contention that the BOP's denial was "arbitrary, capricious and discriminatory." We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date:   April 5, 2007

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IQBAL AUJLA,                          :
                                      :
            Petitioner                :
                                      :   CIVIL NO. 1:CV-06-1668
      vs.                             :
                                      :   (Judge Caldwell)
U.S. DEPARTMENT OF JUSTICE,           :
et al.,                               :
                                      :
            Respondent.

*O R D E R*

AND NOW, this 5th day of April, 2007, it is ordered that:

   1. Petitioner shall file an amended petition setting forth facts supporting his contention that the BOP's denial was "arbitrary, capricious and discriminatory."

   2. The Clerk of Court is directed to provide Petitioner with two blank § 2241 forms for his use in preparing the Amended Petition.

   3. If Petitioner fails to file an Amended Petition within twenty (20) days of the date of this order, this petition will be dismissed without prejudice.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge